## NASH WOODLAND MOTORS CO. v. PESKER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8050. Decided Feb. 6, 1928.

Middleton, PJ. and Mauck and Thomas, JJ. of the 4th Dist., sitting.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**829. NEGLIGENCE—301. Contributory Negligence.**
1. Doctrine of last clear chance cannot be invoked, except when person charged with injury actually, and not constructively, saw person whom he later struck.
2. If doctrine of last clear chance is to be relied upon for recovery, it becomes duty of trial court to instruct jury that if plaintiff continued to be negligent up until he was struck, he could not recover.
3. Where plaintiff is in intoxicated condition when struck, and his intoxication leads to erratic movement which contributed to his injury, last clear chance doctrine is not open to him.

Error to Common Pleas.
Judgment reversed.

E. A. Binyon, Cleveland, for Motors Co.
Harry C. Gahn, Cleveland, for Pesker.

### FULL TEXT

MAUCK, J.

Joseph Pesker, through his guardian, reversed a judgment against The Nash Woodland Motors Company, predicted on the charge

of negligence in the operation of an automobile. It is now sought to reverse that judgment.

We do not consider it necessary to set forth the nature of the pleadings in detail, nor the testimony developed on the trial. Most of the assignments of error are not well taken.

The car which inflicted the injury upon Pesker was being driven by an employee of the Motors Company, then acting in the scope of his employment. The record amply warranted the conclusion that the car was operated in a negligent manner. There appears, on the other hand, no reasonable doubt that, at the time he was injured, Pesker was crossing East 9th Street in the City of Cleveland, at a point between street intersections, and that his so crossing at that place was in violation of a City Ordinance.

There appears no reason to question the conclusion that the defendant negligently ran its machine into the plaintiff and that the plaintiff had negligently placed himself in the position where he was thus hurt.

We cannot conceive of the plaintiff having made a cause of action under the circumstances disclosed by the record, unless he can invoke the doctrine of the last clear chance. This he claims to have done by pleading as the fourth specification of negligence the following:

"Defendant was careless and negligent in failing to have proper, sufficient, and adequate control over said automobile at said time and place, and in failing to either stop, abate the speed, or deviate the course of said automobile, in order to avoid injuring this plaintiff when it saw, **or in the exercise of ordinary care should have seen plaintiff on said thoroughfare.'**

The court, in the instructions to the jury, recited this as one of the grounds of negligence complained of and said, in substance, that recovery might be founded on that specification. This was as near to the doctrine of the last clear chance as the court got, that is to say, that the court did not charge upon that subject at all. The language in dark face quoted from the petition does not make a case under the last clear chance doctrine.

That language was tolerated in West v. Gillette, 95 O. S. 305, but only on the theory that in that case it was clear that the motorman of the street car actually saw the vehicle which his car struck, in time to have averted the collision, and that it was consequently not of consequence that the court, in its instruction, went beyond the law by charging the motorman with the duty of avoiding injuring one who had negligently come in a place of danger if "by the exercise of ordinary care he ought to have discovered" such danger.

The authorities discussed in both the majority and minority opinions in the West case render it perfectly clear that the doctrine of the last clear chance cannot be invoked, except when the person charged with the injury actually and not constructively saw the person whom he later struck.

Moreover, if the doctrine of the last clear chance was to be relied upon for recovery in this case, it would have been the duty of the trial court to have instructed the jury, among other things, that if the plaintiff continued to be negligent up until he was struck he could not recover. This was especially important, as one of the witnesses testified that the plain-

tiff was in an intoxicated condition when struck, and that his intoxication led to erratic movements which contributed to his injury. Of course in such case the last chance doctrine was not open to him.

In brief, we hold that the plaintiff is not entitled to recover upon any other theory than that of last clear chance, and that the theory mentioned was never tried out, nor the jury instructed thereon.

It follows, therefore, that the judgment must be reversed and the case remanded for a new trial.

(Middleton, PJ. and Thomas, J. concur.)